Docusign Envelope ID: D7A778C9-8DBF-446B-872E-DB2D096D7976
Case 5:25-cv-01500-XR   Document 16-2   Filed 02/03/26   Page 1 of 17

EXHIBIT 2

# FIFTH AMENDED AND RESTATED

# BYLAWS

## of

## ALAMO TRUST, INC.

---

### ARTICLE I.
### NAME AND PURPOSES

Section 1.01  Name:  The name of the Corporation is Alamo Trust, Inc. (the "*Corporation*").

Section 1.02  Purposes and Restrictions:  The Corporation is organized for the following purposes:

(a) To raise funds, provide resources, and support in order to advance the preservation, management, education, maintenance, operation and restoration of the Alamo Complex and its contents;

(b) To provide services and other benefits for the preservation, education, management, maintenance and restoration of the Alamo Complex and its contents; and

(c) To promote, counsel, and provide support to organizations, both governmental and private, which are committed to similar objectives listed in the above paragraphs.

(d) The Corporation is not organized for profit, and no part of the net earnings of this corporation shall inure to the benefit of any member of the Board of Directors or any other individual except that the Corporation may make payments of reasonable compensation for services rendered.

(e) The Corporation may carry on any other activity consistent with the above purposes and which is not inconsistent with Section 501(c)(3) of the Internal Revenue Code of 1986 or the corresponding provision of any United States internal revenue law, as may be amended from time to time (the "*Code*"), and any regulations thereunder regulating the activities of this Corporation. In furthering its purposes, the Corporation shall have and exercise all rights and powers conferred on nonprofit corporations under the laws of Texas, or which may hereafter be conferred, including the power to contract, rent, and buy or sell personal or real property; provided, however, that the Corporation shall not, except to an insubstantial degree, engage in any activities or exercise any powers that are not in furtherance of the primary purpose of this Corporation.

(f)     Notwithstanding any provision of these Bylaws, the Corporation shall not carry on any activities not permitted to be carried on by an organization exempt from federal income tax under section 501(c)(3) of the Code.

## ARTICLE II.
## OFFICES AND REGISTERED AGENT

Section 2.01    Principal Office:  The principal office of the Corporation is located in San Antonio, Texas. The Corporation may have such other offices, either within or without the State of Texas, as the Board may determine or as the affairs of the Corporation may require from time to time.

Section 2.02    Registered Office and Registered Agent:  The Corporation shall have and continuously maintain in the State of Texas a registered office and a registered agent whose office is the Corporation's registered office, as required by the Texas Business Organizations Code. The registered office may, but need not, be identical to the principal office of the Corporation in the State of Texas.  The registered office and the registered agent may be changed from time to time in accordance with applicable law.

## ARTICLE III.
## AUTHORITY AND DUTIES OF DIRECTORS

Section 3.01    Authority of Directors:  The Board of Directors of the Corporation (the "***Board***") will manage the Corporation's corporate affairs.

Section 3.02    Number of Directors; Chairman of the Board:  The Board shall consist of no more than seven (7) or fewer than three (3) directors. The directors shall be individuals nominated by a director and elected by a majority of the Board. Directors need not be Texas residents. The Board shall elect a director to serve as the Chairman of the Board, to hold office until his or her resignation or removal by the Board and until a successor Chairman of the Board is elected by the Board.

Section 3.03    Election and Term of Directors:

(a)     A person who meets the qualifications for director and who has been duly nominated by a director may be elected as a director. Unless such director resigns or is removed as provided in Section 3.04, each director will hold office until a successor is nominated and elected. Directors may serve consecutive terms.

(b)     Each director will serve three-year terms. No person shall serve as a director for more than four (4) consecutive terms. The Board will make every effort to provide for staggered terms for its directors, such that one third of the director seats are up for election in each year.

Section 3.04    Resignation and Removal: Resignations are effective upon receipt by the Board of written notification or at a later date if provided in the written notification.  Any

director may be removed at any time for cause at a regular or special meeting called for the purpose by a majority of the Board.

Section 3.05    Vacancies:  Vacancies existing by reason of resignation, death, incapacity, or removal before the expiration of a term may be filled at any meeting of the Board by the vote of a majority of the directors then in office, although less than a quorum, or by a sole remaining director. A director elected to fill a vacancy shall be elected for the unexpired term of his or her predecessor in office and serve until his or her successor is nominated and elected.

Section 3.06    Meetings:  The Board shall hold at least (1) regular meeting annually, which shall be known as the Annual Meeting, on a date and at a location designated by the Chairman of the Board, or any four members of the Board. Other Board meetings may be held as designated by the Chairman of the Board or any four members of the Board, in a notice to the Board. All Board meetings shall be open to the public, though the Board may enter into executive session during such meetings (i) to allow for consultation with counsel, (ii) to deliberate the purchase, exchange, lease or sale of real or personal property, or (iii) to discuss personnel matters.

Section 3.07    Notice:  Written notice of each meeting of the Board shall be given to each director at least three (3) days prior to the date of the meeting.  The notice of any meeting shall state the date, time, and place of such meeting and the purpose or purposes for which it is called. Notice may be provided in writing, by electronic mail, or by telephone facsimile. Notice of each Board meeting shall also be posted on the "thealamo.org" (or similar Alamo) website at least three (3) days prior to the date of the meeting.

Section 3.08    Quorum and Voting:  Unless a greater proportion is required by law, a quorum is three voting Board members.  The Board shall try to take action by consensus.  However, if a consensus is not available, a majority vote of Board members present and voting at a meeting at which a quorum is present is enough to constitute the act of the Board.

Section 3.09    Advisory Director; Emeritus Honorees.
(a)    The Texas General Land Office (the "GLO") may appoint one individual to serve on the Board as a non-voting advisory member of the Board (the "Advisory Director"). The individual selected by the GLO shall be a non-voting member of the Board, will not be placed on any Executive Committee of the Board, and may be excluded from any Board or committee deliberations specifically pertaining to a dispute or negotiations with the GLO.
(b)    The Board may grant emeritus status upon any individual who has served on the Board and who the Board has determined has had an extensive record of exceptional service to the Alamo (an "Emeritus Honoree"). An Emeritus Honoree will serve at the pleasure of the Board and may attend Board meetings as a guest of the Board upon the invitation of the Chairman of the Board. An Emeritus Honoree will not have voting rights or be deemed to be a member of the Board. The Board may appoint multiple Emeritus Honorees.

Section 3.10    Action Without a Meeting:  Any action required or permitted to be taken at a meeting of the Board (including amendment of these Bylaws or the Certificate of Formation)

or of any committee may be taken without a meeting if all the voting members of the Board or committee consent in writing to taking the action without a meeting and to approving the specific action. Such consents shall have the same force and effect as a unanimous vote of the Board or of the committee as the case may be. Any photographic, photostatic, facsimile, or similarly reliable reproduction of a consent in writing signed by a member of the Board or of such committee may be substituted or used for any purpose for which the original could be used for purposes of this Section 3.10. An electronic transmission of a consent by a member of the Board or of any committee to the taking of such action shall be regarded as a signed writing if the transmission contains or is accompanied by information from which it can be determined the such transmission was transmitted by such member and the date on which such member transmitted such transmission.

Section 3.11    Participation in Meeting by Conference Telephone:  Any or all members of the Board may participate in a meeting by telephone conference or similar communications equipment, so long as members participating in such meeting can hear one another, and such participation shall constitute presence in person at the meeting.

Section 3.12    Duties of Directors:  Directors will discharge their duties, including any duties as committee members, in good faith, with ordinary care, and in a manner they reasonably believe to be in the Corporation's best interest. In this context, the term "ordinary care" means the care that ordinarily prudent persons in similar positions would exercise under similar circumstances. In discharging any duty imposed or power conferred on directors, directors may, in good faith, rely on information, opinions, reports, or statements, including financial statements and other financial data, concerning the Corporation or another person that has been prepared or presented by a variety of persons, including officers and employees of the Corporation, professional advisors or experts such as accountants or legal counsel.  A director is not relying in good faith if he or she has knowledge concerning a matter in question that renders reliance unwarranted.  Directors are not deemed to have the duties of trustees of a trust with respect to the Corporation or with respect to any property held or administered by the Corporation, including property that may be subject to restrictions imposed by the donor or transferor of the property.

Section 3.13    Compensation of Directors:  Directors shall not be compensated for serving on the Board, but the Corporation may reimburse directors for documented reasonable expenses incurred in the performance of their duties to the Corporation.

## ARTICLE IV.
## AUTHORITY AND DUTIES OF OFFICERS, AGENTS, AND EMPLOYEES

Section 4.01    Officers: The officers of the Corporation shall be the Chairman, Secretary and Treasurer, and may include one or more Vice Chairs and such other officers as determined by the Board. The officers do not need to be individual Board members. They shall serve without compensation.

Section 4.02    Election of Officers; Terms of Office:  The officers of the Corporation shall be individuals nominated by a director and elected by the Board. Each officer elected by the Board will serve for a two-year term. All officers shall be eligible for reelection. Vacancies may be filled at any meeting of the Board.

Section 4.03    Powers and Duties of Officers:

(a)   Chairman of the Board of Directors: The Chairman of the Board of Directors (the "**Chairman**") shall preside at all meetings of the Board of Directors and shall perform all duties customary to that office and as otherwise provided in these Bylaws. The Chairman shall supervise and control all of the affairs of the Corporation in accordance with the policies and directives approved by the Board. The Chairman shall act as the "President" of the Corporation for all purposes as required under the Texas Business Organizations Code.

(b)   Vice Chair: One or more Vice Chairs may be elected by the Board and, if elected, such Vice Chairs shall perform the duties of the Chairman during the absence or disability of the Chairman and shall have such other powers as designated from time to time by the Chairman.

(c)   Secretary: The Secretary shall be responsible for the keeping of an accurate record of the proceedings of all meetings of the Board, shall give or cause to be given all notices in accordance with these Bylaws or as required by law, perform such other duties as the Chairman may designate, and in general shall perform all duties customary to the office of Secretary.

(d)   Treasurer: The Treasurer shall perform such duties as the Chairman may direct. The Treasurer shall render to the Board at the regular meetings of the Board, or whenever the Board may require, an account of all transactions and of the financial condition of the Corporation.

Section 4.04    Resignation and Removal: Resignations are effective upon receipt by the Board of written notification or at a later date if provided in the written notification. The Board may remove an officer at any time with or without cause.

Section 4.05    Vacancies: Vacancies existing by reason of resignation, death, incapacity, or removal before the expiration of a term may be filled at any meeting of the Board by the vote of a majority of the directors then in office, although less than a quorum, or by a sole remaining director. An officer elected to fill a vacancy shall be elected for the unexpired term of his or her predecessor in office and serve until his or her successor is nominated and elected.

Section 4.06    Executive Director/Chief Executive Officer: The Board may designate an Executive Director ("**ED**") or Chief Executive Officer ("**CEO**") of the Corporation. The ED/CEO shall be a nonvoting advisor to the Corporation. The ED/CEO shall be the chief executive officer of the Corporation, shall be responsible for the general and active management of the operations of the Corporation, shall oversee and manage the employees of the Corporation as well as the programs and affairs of the Corporation, shall see that all orders and resolutions of the Board are carried into effect, and will have other powers and duties that may be prescribed by the Board. The ED/CEO may also designate other officers and agents to whom the ED/CEO may delegate specific duties and responsibilities. The Board may remove the ED/CEO (and any officers and agents designated by the ED/CEO) at any time with or without cause.

Section 4.07   <u>Agents</u>:  The Board may authorize any officer or officers, agent or agents of the Corporation, in addition to the officers so authorized by these Bylaws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation. Such authority may be general or may be confined to specific instances.

# ARTICLE V.
# COMMITTEES

Section 5.01   <u>Creation of Committees</u>:  The Board, by resolution adopted by a majority of the Board, may create standing and special committees of the Board based on the needs of the Corporation.

Section 5.02   <u>Establishment of Executive Committee</u>:

(a)   <u>Establishment</u>:  An Executive Committee of the Board (the "**Executive Committee**") is hereby established.

(b)   <u>Membership</u>:  The members of the Executive Committee will consist of the Chairman, who shall serve as Chairman of the Executive Committee and preside at all meetings of the Executive Committee, and at least one (1) other individual appointed by the Board. A majority of the persons serving on the Executive Committee must be Directors. If any vacancy or vacancies occur in the Executive Committee, such vacancy or vacancies shall be filled by the Board.

(c)   <u>Authority and Actions</u>:  The Executive Committee shall have and may exercise the authority of the Board in the management of the business and affairs of the Corporation, except where action of the Board is required by statute or by the Certificate of Formation, as it may be amended. The Executive Committee shall keep regular minutes of its proceedings and report the same to the Board when required.

(d)   <u>Term and Term Limits</u>:  Each at large member of the Executive Committee shall be appointed for a maximum term of three years, or until such member's earlier resignation, death or removal from the Executive Committee. An at large member of the Executive Committee may succeed himself or herself on such committee; provided, however, that each at large member may serve a maximum of four (4) consecutive terms on the Executive Committee; provided, however, that the Board may waive such four-term limit in instances where such waiver would be in the best interests of the Corporation. Following the completion of a second consecutive term on the Executive Committee, an at large member may not serve on such committee for a period of one year. Following the completion of such one-year period, the Board may again appoint such person to the Executive Committee, subject to the term and term limits set forth in this section

(e)   <u>Conflicting Terms</u>:  The terms set forth in Sections 5.03 – 5.08 are applicable to the Executive Committee as well as to other standing or special committees that may be established by the Board; provided, however that in the case of the Executive Committee in the

event of any conflict between the terms of this Section 5.02 and the terms of Sections 5.03 – 5.08, the terms of this Section 5.02 will control as they apply to the Executive Committee.

Section 5.03   Non-delegation of Fiduciary Duty:  The designation and appointment of any committee created by the Board and the delegation thereto of authority shall not operate to relieve the Board, or any individual Director, of any responsibility imposed upon it or him or her by these Bylaws or applicable law.

Section 5.04   Composition:  The Board shall appoint all committee members. Committees shall consist of at least two (2) individuals. Committee members need not be directors of the Corporation unless the committee is delegated the power to exercise the authority of the Board in the management of the Corporation, in which case the majority of the persons on the committee must be directors. The Board may appoint one committee member to serve as the Committee Chair. The Board may remove, with or without cause, and replace committee members and the Committee Chair.

Section 5.05   Notice:  Written notice of each meeting of the committee shall be given by the Committee Chair to each committee member at least two (2) days prior to the date of the meeting.  The notice of any meeting shall state the date, time, and place of such meeting and the purpose or purposes for which it is called.  Notice may be provided in writing, by electronic mail, or by telephone facsimile.

Section 5.06   Quorum and Voting:  A quorum is a majority of the total number of committee members in office. Committees shall try to take action by consensus.  However, if a consensus is not available, a majority vote of committee members present and voting at a meeting at which a quorum is present is enough to constitute the act of the committee.

Section 5.07   Participation in Meeting by Conference Telephone:  Any or all members of a committee may participate in a meeting by conference telephone or similar communications equipment, so long as members participating in such meeting can hear one another, and such participation shall constitute presence in person at the meeting.

Section 5.08   Compensation of Committee Members:  Committee members shall not be compensated for serving on a committee, but the Corporation may reimburse members for documented reasonable expenses incurred in the performance of their duties to the Corporation.

## ARTICLE VI.
## MEMBERS

The Corporation will not have members.

## ARTICLE VII.
## TRANSACTIONS OF THE CORPORATION

Section 7.01   Contracts:   The Board may authorize any officer or agent of the Corporation to enter into a contract or execute and deliver any instrument in the name of, and on behalf of, the Corporation. This authority may be limited to a specific contract or instrument, or it may extend to any number and type of possible contracts and instruments.

Section 7.02   Deposits:  All the Corporation's funds will be deposited to the credit of the Corporation in banks, trust companies, or other depositories that the Board selects.

Section 7.03   Gifts: The Board may accept, on the Corporation's behalf, any contribution, gift, bequest, or devise for the general purposes or for any special purpose of the Corporation.  The Board may make gifts and give charitable contributions not prohibited by these Bylaws, the Certificate of Formation, state law, and provisions set out in federal tax law that must be complied with to maintain the Corporation's federal and state tax status.

Section 7.04   Prohibited Acts:  As long as the Corporation exists, and except with the Board's prior approval, no director, officer, or committee member of the Corporation may:

(a) Do any act in violation of these Bylaws or a binding obligation of the Corporation.

(b) Do any act with the intention of harming the Corporation or any of its operations.

(c) Do any act that would make it impossible or unnecessarily difficult to carry on the Corporation's intended or ordinary business.

(d) Receive an improper personal benefit from the operation of the Corporation.

(e) Use the Corporation's assets, directly or indirectly, for any purpose other than carrying on the Corporation's business.

(f) Wrongfully transfer or dispose of Corporation property, including intangible property such as good will.

(g) Use the Corporation's name (or any substantially similar name) or any trademark or trade name adopted by the Corporation, except on behalf of the Corporation in the ordinary course of its business.

(h)   Disclose any of the Corporation's business practices, trade secrets, or any other information not generally known to the business community to any person not authorized to receive it.

# ARTICLE VIII.
# INDEMNIFICATION

Section 8.01   When Indemnification Is Required, Permitted, and Prohibited:

(a)   The Corporation will indemnify a director, officer, committee member, employee, or agent of the Corporation who was, is, or may be named a defendant or respondent in any proceeding as a result of his or her actions or omissions within the scope of his or her official capacity in the Corporation. For the purposes of this Article, an agent includes one who is or was serving at the Corporation's request as a director, officer, partner, venturer, proprietor, trustee, partnership, joint venture, or other enterprise.

(b)   The Corporation will indemnify a person only if he or she acted in good faith and reasonably believed that his or her conduct was in the Corporation's best interests. In case of a criminal proceeding, the person may be indemnified only if he or she had no reasonable cause to believe that the conduct was unlawful. The Corporation will not indemnify a person who is found liable to the Corporation or is found liable to another on the basis of improperly receiving a personal benefit from the Corporation. A person is conclusively considered to have been found liable in relation to any claim, issue, or matter if the person has been adjudged liable by a court of competent jurisdiction and all appeals have been exhausted. Termination of a proceeding by judgment, order, settlement, conviction, or on a plea of nolo contendere or its equivalent does not necessarily preclude indemnification by the Corporation.

(c)   The Corporation will pay or reimburse expenses incurred by a director, officer, committee member, employee, or agent of the Corporation in connection with the person's appearance as a witness or other participation in a proceeding involving or affecting the Corporation when the person is not a named defendant or respondent in the proceeding.

(d)   In addition to the situations otherwise described in this paragraph, the Corporation may indemnify a director, officer, committee member, employee, or agent of the Corporation to the extent permitted by law. However, the Corporation will not indemnify any person in any situation in which indemnification is prohibited by Section 8.01(b), above.

(e)   The Corporation may advance expenses incurred or to be incurred in the defense of a proceeding to a person who might eventually be entitled to indemnification, even though there has been no final disposition of the proceeding. Advancement of expenses may occur only when the procedural conditions specified in Section 8.03(c), below, have been satisfied. Furthermore, the Corporation will never

advance expenses to a person before final disposition of a proceeding if the person is a named defendant or respondent in a proceeding brought by the Corporation or if the person is alleged to have improperly received a personal benefit or committed other willful or intentional misconduct.

Section 8.02   <u>Extent and Nature of Indemnity</u>: The indemnity permitted under these Bylaws includes indemnity against judgments, penalties, (including excise and similar taxes), fines, settlements, and reasonable expenses (including attorney's fees) actually incurred in connection with the proceeding. If the proceeding was brought by or on behalf of the Corporation, the indemnification is limited to reasonable expenses actually incurred by the person in connection with the proceeding.

Section 8.03   <u>Procedures Relating to Indemnification Payments</u>:

(a)   Before the Corporation may pay any indemnification expenses (including attorney's fees), the Corporation must specifically determine that indemnification is permissible, authorize indemnification, and determine that expenses to be reimbursed are reasonable, except as provided in Section 8.03(c), below. The Corporation may make these determinations and decisions by any one of the following procedures:

(i)   Majority vote of a quorum consisting of directors who, at the time of the vote, are not named defendants or respondents in the proceeding.

(ii)   If such a quorum cannot be obtained, by a majority vote of a committee of the Board, designated to act in the matter by a majority vote of all directors, consisting solely of two or more directors who at the time of the vote are not named defendants or respondents in the proceeding.

(iii)   Determination by special legal counsel selected by the Board by the same vote as provided in clauses (i) or (ii) of this Section 8.03(a), above, or if such a quorum cannot be obtained and such a committee cannot be established, by a majority vote of all directors.

(b)   The Corporation will authorize indemnification and determine that expenses to be reimbursed are reasonable in the same manner that it determines whether indemnification is permissible. If special legal counsel determines that indemnification is permissible, authorization of indemnification and determination of reasonableness of expenses will be made as specified by clause (iii) of this Section 8.03(a), above, governing selection of special legal counsel. A provision contained in the certificate of formation, or a resolution of members or the Board that requires the indemnification permitted by Section 8.01, above, constitutes sufficient authorization of indemnification even though the provision may not have been adopted or authorized in the same manner as the determination that indemnification is permissible.

(c) The Corporation will advance expenses before final disposition of a proceeding only after it determines that the facts then known would not preclude indemnification. The determination that the facts then known to those making the determination would not preclude indemnification and authorization of payment will be made in the same manner as a determination that indemnification is permissible under Section 8.03(a), above. In addition to this determination, the Corporation may advance expenses only after it receives a written affirmation and undertaking from the person to receive the advance. The person's written affirmation will state that he or she has met the standard of conduct necessary for indemnification under these Bylaws. The written undertaking will provide for repayment of the amounts advanced by the Corporation if it is ultimately determined that the person has not met the requirements for indemnification. The undertaking will be an unlimited general obligation of the person, but it need not be secured and may be accepted without reference to financial ability to repay.

Section 8.04  <u>Insurance</u>:  The Board may authorize the purchase of and maintain insurance on behalf of any director, officer, committee member, employee, or agent of the Corporation against any liability asserted against or incurred by him/her which arises out of such person's status in such capacity or out of acts taken in such capacity, whether or not the Corporation would have the power to indemnify the person against that liability under law.

Section 8.05  <u>Report to Board</u>: Any indemnification of or advance of expenses to a Director or officer in accordance with this Article shall be reported in writing to the Board with or before the notice or waiver of notice of the next Board meeting or with or before the next submission to the directors of a consent to action without a meeting and, in any case, within the twelve month period immediately following the date of the indemnification or advance.

Section 8.06  <u>Amendment or Repeal</u>:  Any repeal or modification of the foregoing provisions of this Article VIII shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.

## ARTICLE IX.
## CONFLICT OF INTEREST POLICY

Section 9.01  <u>Purpose</u>:  It is the policy of the Corporation that its directors, officers, committee members and other employees avoid any situation that may constitute a conflict of interest, that is, any situation in which an individual uses or could use his or her position with the Corporation for personal gain to the individual, members of the individual's family, or other organizations with whom the individual is affiliated, to the actual or potential detriment of the Corporation.  The purpose of the conflict-of-interest policy is to protect the Corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an officer, director, committee member or employee of the Corporation or might result in a possible excess benefit transaction.  This policy is intended to supplement but not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit and charitable corporations.

Section 9.02   Definitions:

*"Interested Person"*:  Any director, principal officer, or member of a committee who has a direct or indirect financial interest, as defined below, is an interested person.

*"Financial Interest"*:  A person has a financial interest if the person has, directly or indirectly, through business, investment, or family:

(a)   An ownership or investment interest in any entity with which the Corporation has a transaction or arrangement;

(b)   A compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement; or

(c)   Is considering an ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement.

*"Compensation"*:  Direct and indirect remuneration, including gifts or favors that are not insubstantial.

*"Conflict of Interest"*:  A conflict between the personal or financial interests and the official or professional responsibilities of a person in a position of trust.  A "Conflict of Interest" includes situations in which the employee, family member, officer, Board member or committee member has a financial interest in the business or individual selected for the contract.  A financial interest is not necessarily a conflict of interest.  Under Section 9.03(b), a person who has a financial interest may have a conflict of interest only if the appropriate Board or committee decides that a conflict of interest exists.

Section 9.03   Procedures:

(a)   *Duty to Disclose*:  If an actual or possible conflict of interest arises, an interested person must disclose the existence of the financial interest and be given the opportunity to disclose all material facts to the directors and members of committees considering the proposed transaction or arrangement.

(b)   *Determining Whether a Conflict of Interest Exists:*  After disclosure of the financial interest, whether direct or indirect, disclosure of all material facts, and after any discussion with the interested person, he or she shall leave the Board or committee meeting while the determination of a conflict of interest is discussed and voted upon.  The remaining Board or committee members shall decide if a conflict of interest exists by a majority vote of a quorum consisting of the directors or committee members who, at the time of the vote, are not interested persons.

(c) *Procedures for Addressing the Conflict of Interest:*

    (i) An interested person may make a presentation at the Board or committee meeting, but after the presentation he or she shall leave the meeting during the discussion of and the vote on the transaction or arrangement involving the possible conflict of interest.

    (ii) The Chairman shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.

    (iii) After exercising due diligence, the Board or committee shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.

    (iv) If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board or committee shall determine by a majority vote of the disinterested directors or committee members whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination, it shall make its decision as to whether to enter into the transaction or arrangement.

(d) *Violations of the Conflicts of Interest Policy:*

    (i) If the Board or committee has reasonable cause to believe an interested person has failed to disclose actual or possible conflicts of interest, it shall inform the Chairman and the interested person of the basis for such belief and afford the interested person an opportunity to explain the alleged failure to disclose.

    (ii) If, after hearing the interested person's response and after making further investigation as warranted by the circumstances, the Board or committee determines the interested person has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary and corrective action.

Section 9.04   <u>Records of Proceedings</u>:   The minutes of the Board and all committees shall contain:

(a) The names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the Board's or committee's decision as to whether a conflict of interest in fact existed.

 (b) The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

## ARTICLE X.
## FINANCIAL ADMINISTRATION

Section 10.01 <u>Fiscal Year</u>:  The fiscal year of the Corporation shall be July 1 to June 30 but may be changed by resolution of the Board.

Section 10.02 <u>Annual Financial Statements</u>: Complete financial statements consolidated with the financial statements of Remember the Alamo Foundation, a Texas nonprofit corporation and affiliated organization, and any other proper affiliated organizations, prepared in conformity with generally accepted accounting principles (GAAP), accompanied by an audit report of an independent certified public accountant, may be presented to and reviewed by the Board after the close of each fiscal year.  Financial statements should include:  (i) significant categories of contributions and other income; (ii) expenses reported in categories corresponding to the description of major programs and activities contained in the Corporation's annual report, solicitations and other informational materials; (iii) a detailed schedule of expenses by natural classification (e.g., salaries, employee benefits, occupancy, postage, etc.), representing the natural expenses incurred for each major program and supporting activity; (iv) accurate presentation of all fund-raising and administrative costs; and (v) total costs and the basis for allocating any fund-raising or other expenses associated with multi-purpose activities (e.g., fund raising combined with social advocacy or public education campaigns).

Section 10.3 <u>Audit</u>:  The Board may authorize an audit of the Corporation.

## ARTICLE XI.
## BOOKS AND RECORDS

Section 11.01 <u>Recordkeeping</u>:  The Secretary or his or her designee shall keep or cause to be kept adequate minutes of all Board or committee meetings reflecting at a minimum the names of those in attendance, any resolutions passed, and the outcomes of any votes taken.  The Secretary or his or her designee also shall keep or cause to be kept the following corporate records:  incorporation documents, including the certificate of formation, bylaws, and related documents, and tax-exemption documents, including application for tax exemption (IRS Form 1023) and IRS determination letter(s).

Section 11.02 <u>Inspection of Books and Records</u>: All books and records of this Corporation that are required to be kept under the Bylaws may be inspected by any director for any purpose at any reasonable time on written demand.

Section 11.03 <u>Texas Public Information Act</u>:  All books and records of this Corporation shall be subject to the Texas Public Information Act, Tex. Gov't Code, Chapter 552 *et. seq*.

# ARTICLE XII.
# MISCELLANEOUS PROVISIONS

Section 12.01 <u>Legal Authorities Governing Construction of Bylaws</u>: These Bylaws shall be construed under Texas law. All references in these Bylaws to statutes, regulations, or other sources of legal authority will refer to the authorities cited, or their successors, as they may be amended from time to time.

Section 12.02 <u>Legal Construction</u>: To the greatest extent possible, these Bylaws shall be construed to conform to all legal requirements and all requirements for obtaining and maintaining all tax exemptions that may be available to nonprofit corporations. If any bylaw provision is held invalid, illegal, or unenforceable in any respect, the invalidity, illegality, or unenforceability will not affect any other provision, and the bylaws will be construed as if they had not included the invalid, illegal, or unenforceable provision.

Section 12.03 <u>Headings</u>: The headings used in the bylaws are for convenience and may not be considered in construing the bylaws.

Section 12.04 <u>Number</u>: All singular words include the plural, and all plural words include the singular.

Section 12.05 <u>Seal</u>: The Board may provide for a corporate seal. Such a seal would consist of two concentric circles containing the words "Alamo Trust, Inc." and "Texas" in one circle and the date of formation in the other circle. The Corporation is not required to have a corporate seal.

Section 12.06 <u>Parties Bound</u>: The Bylaws will bind and inure to the benefit of the directors, officers, committee members, employees, and agents of the Corporation and their respective heirs, executors, administrators, legal representatives, successors, and assigns except as the Bylaws otherwise provide.

# ARTICLE XIII.
# AMENDMENTS

These Bylaws may be amended, altered or repealed at any time by a majority vote of the Board at a meeting where a quorum is present. The Board may adopt amendments to the Certificate of Formation by a majority vote of the directors at a meeting where a quorum is present.

# ARTICLE XIV.
# TERMINATION

In the event of dissolution or termination of the Corporation, title to and possession of all property of the Corporation shall pass forthwith to the State of Texas for use and benefit of the Alamo Complex.

## ARTICLE XV
## EFFECT

These Bylaws supersede in their entirety all other bylaws heretofore adopted by the Corporation.

\* \* \* \* \* \* \*

## CERTIFICATION

I hereby certify that I am the duly elected, qualified and acting Secretary of Alamo Trust, Inc. and that the foregoing Fifth Amended and Restated Bylaws were adopted as the bylaws of the Corporation by the Board of Directors pursuant to a resolution duly adopted on the 7th day of June 2023.

DocuSigned by:

*Francisco Cigarroa*
70473BF23A28484...
_____
Francisco Cigarroa, M.D., Secretary